Argued before BOOKSTAVER and BISCHOFF, JJ.

John J. McKelver, for appellant.
Robert O'Bryne, for respondents.

BOOKSTAVER, J.   On the trial it was stipulated that the plaintiffs sold and delivered to the defendant the merchandise specified in plaintiffs' bill of particulars, and the defendant agreed to pay the reasonable value thereof, and that the reasonable value of the merchandise sold on September 3, 1890, was specified in the bill of particulars, and that defendant had paid on account $388.23, which he claimed to be the reasonable value: but plaintiffs claimed $101.27 in addition to the $388.23, out of which he admits there should be an allowance of $19.27. It was further admitted that of the 54 turned posts mentioned in the bill of particulars, 13 were locust, and reasonably worth $8.75 each, and the remaining posts, 41 in number, were yellow pine, the reasonable value of which is the item in dispute in this action.   It was further conceded by defendant's attorney that if plaintiffs succeeded on the trial, they could recover $82.   The matter at issue is thus narrowed down to what was the reasonable value of the 49 pine posts furnished to defendant by plaintiffs.   The original contract under which the 54 posts were to be made and delivered called for locust posts, but it was modified after the delivery of 13 locust posts so that the 41 remaining were to be of pine.   Upon this question both parties offered considerable evidence, some of it being by parties interested, and other by expert witnesses.   A careful review of the evidence does not convince us that there was such a preponderance in favor of the defendant that the judgment should have been in his favor.   There is quite sufficient evidence on behalf of the plaintiffs to warrant the finding of the court below, and the judgment should therefore be affirmed, with costs.

---

## CLUFF v. DAY et al.

(Superior Court of New York City, General Term.   January 3, 1893.)

Action by Mary Cluff against Henry Day and others.   See 18 N. Y. Supp. 954, and 19 N. Y. Supp. 912, mem.
Argued before FREEDMAN and McADAM, JJ.

R. Owens, for plaintiff.
C. E. Wilson, for defendants.

PER CURIAM.   The exceptions taken by the defendants should be overruled, and the plaintiff should have judgment on the verdict, with costs.

---

## FULLER et al., Respondents, v. WISE et al., Appellants.

(Superior Court of New York City, General Term.   January 3, 1893.)

Appeal from special term.
Action by Arthur Fuller and others against Charles Wise and others.
Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Horwitz & Hirshfield, (Otto Horwitz, of counsel,) for appellants.
Henry A. Root, (Thaddeus D. Kenneson, of counsel,) for respondents.

GILDERSLEEVE, J.   This is an appeal from an order made at special term denying a motion made by Charles Wise, the defendant, to have a judgment that had been entered herein for costs marked satisfied in full of record, upon the ground that it had been fully paid in settlement of another matter.
The only question involved on the motion below, and that is now presented for consideration on this appeal, is one of fact.   We have carefully examined the record, and cannot find such a preponderance of evidence in support of the defendant's contention as to warrant us in disturbing the order made by the learned judge below.   The order appealed from must be affirmed, with $10 costs and disbursements.